UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


COUPLED PRODUCTS, LLC,

        Plaintiff,

                                  CASE NO. 10-50468
v.                                     HONORABLE DENISE PAGE HOOD

NOBEL AUTOMOTIVE MEXICO LLC,
NOBEL AUTOMOTIVE OHIO LLC,
MANDO AMERICA CORPORATION,
and GENERAL MOTORS LLC,

        Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION TO ENFORCE MAGISTRATE JUDGE'S MAY 26, 2010 ORDER, MOTION FOR CONTEMPT, AND MOTION FOR SANCTIONS, COSTS AND ATTORNEYS' FEES AND DENYING DEFENDANTS' MOTION FOR EXPEDITED RULING ON MOTION TO ENFORCE MAGISTRATE JUDGE'S MAY 26, 2010 ORDER**

**I.    INTRODUCTION**

This matter is before the Court on Defendants Nobel Automotive Mexico LLC and Nobel Automotive Ohio LLC's ("Nobel") Motion to Enforce Magistrate Judge's May 26, 2010 Order, Motion for Contempt, and Motion for Sanctions, Costs and Attorneys' Fees **[Docket No. 24, filed on July 12, 2010]**. This case is also before the Court on Nobel's Motion for Expedited Ruling on Motion to Enforce Magistrate Judge's May 26, 2010 Order, Motion for Contempt, and Motion for Sanctions, Costs and Attorneys' Fees **[Docket No. 26, filed on July 21, 2010].** Both motions raise the same issues and essentially request the same relief.[1]

---
[1] Nobel's Motion for an Expedited Ruling requests that this Court reach a decision on the issues no later than July 28, 2010, in order to supplement the record of the *Markman* hearing heard earlier in July. Expediting the ruling would essentially have the effect of reaching a

1

## II. STATEMENT OF FACTS

This is a discovery dispute between Nobel, Coupled Products, and Coupled Products' non-party witness Daryl Sinclair. Mr. Sinclair is a former employee of Coupled Products. On March 9, 2010, Nobel caused a subpoena to be issued on Mr. Sinclair, requesting the production of documents. Counsel for Coupled Products represented Mr. Sinclair for purposes of the subpoena.

Objections were raised to the subpoena, on the basis that it was overbroad, unduly burdensome, and violated the Court's Order limiting discovery to matters related to the claim construction *Markman* hearing. Having not received any documents by the April 12, 2010 return date, Nobel filed a Motion to Compel on April 20, 2010, which was heard on May 25, 2010 by Magistrate Judge Virginia M. Morgan. The Magistrate Judge ordered that Mr. Sinclair produce documents responsive to the subpoena by June 9, 2010. Nobel filed the initial motion to enforce the order, and to move for contempt, sanctions, costs, and attorneys' fees.

Mr. Sinclair and Coupled Products maintain that they did not initially produce documents in response to the subpoena, but instead objected to the subpoena on the basis that it was overbroad, violating the court's limitation on the issues to those of claim construction, and unduly burdensome. However, once the Magistrate Judge entered her order, Mr. Sinclair claims to have complied with the Magistrate Judge's Order by producing approximately 17, 847 pages of documents by June 9, 2010.

---

finding without providing Mr. Sinclair and/or Coupled Products an opportunity to be heard on the issues. In the interest of fairness, the Court declines to produce such a result. Nobel's Motion for Expedited Ruling on Motion to Enforce Magistrate Judge's May 26, 2010 Order, Motion for Contempt, and Motion for Sanctions, Costs and Attorneys' Fees **[Docket No. 26, filed on July 21, 2010]** is DENIED.

2

A number of facts remain in dispute, as do the motives of Nobel and Coupled Products. Each party blames the other for causing significant delays over the course of the litigation and committing various procedural missteps. Nobel maintains that documents were intentionally withheld in bad faith, in violation of the Magistrate Judge's order. Coupled Products alleges that Nobel ignored the meet and confer requirement, denying Mr. Sinclair the opportunity to resolve a number of discovery issues coming before the Court. Indeed, during the course of the briefing, several issues were resolved without the intercession of the Court. Counsel for Mr. Sinclair and Coupled Products represent that Nobel has been put on notice that the issues raised regarding the documents (namely, the "missing" attachments" to the produced emails and the "illegible" documents included in the production) have been or are actively being resolved. In light of this compliance, Nobel limited the issues to: 1) compelling the production of the allegedly improperly withheld documents on the privilege log; 2) the allegedly missing attachments to the produced emails; and 3) the production of legible documents to replace the allegedly illegible documents. Then, noting that Mr. Sinclair and Coupled Products addressed the issues of the attachments and the illegible documents, Noble acknowledged that the Court need only address whether the documents on the privilege log must be addressed. Noble still seeks contempt, sanctions, costs, and attorneys' fees.

### III. APPLICABLE LAW & ANALYSIS

In addition to the nearly 18,000 pages of documents Mr. Sinclair has produced, Mr. Sinclair produced a privilege log containing 12 entries. Nobel claims that, at the time the privilege log was produced, Mr. Sinclair had already waived the privilege because the privilege was not asserted within fourteen days of service of the subpoena. The parties dispute whether the time limit provided by the rule applies to privilege, as well as to other objections. However,

3

even if the Court accepts what Nobel claims to be the majority interpretation of the rule, and the fourteen day limit applied, waiver of that privilege is not automatic. Instead, it is left to the Court's discretion based on the circumstances of the case. *See, e.g., Ventre v. Datronic Rental Corp.*, No. 92-C-3289, 1995 WL 42345, *4 ("Whether a waiver has occurred is left to the court's discretion."). Here, where there is no indication of bad faith, Mr. Sinclair and Coupled Products only seek to withhold 12 documents on the basis of attorney-client privilege or attorney work product, and Mr. Sinclair and Coupled Products did produce a privilege log, the Court finds that Mr. Sinclair and Coupled Products have not waived privilege.

During oral arguments, the issue of the preservation of metadata arose. The Court requires that Mr. Sinclair and Coupled Products preserve any existing metadata.

Nobel contends that it is entitled to an order holding Mr. Sinclair in contempt of court for failing to comply with the Magistrate Judge's order. Nobel further requests sanctions, costs, and attorneys' fees. This Court agrees with Mr. Sinclair and Coupled Products' argument that Nobel has produced no support for its speculative allegation that documents were withheld from Nobel intentionally and in bad faith. Throughout the course of this briefing, Mr. Sinclair and Coupled Products have continued to resolve technical issues reasonably associated with a large document review. Mr. Sinclair and Coupled Products represent that they have worked in good faith to resolve and explain the cause of their technical problems, and this Court has no reason to impute bad faith on Mr. Sinclair or Coupled Products.

### III.    CONCLUSION

For the reasons stated above,

The Court denies Defendants' Motion to Enforce Magistrate Judge's May 26, 2010 Order, Motion for Contempt, and Motion for Sanctions, Costs and Attorneys' Fees **[Docket No. 24, filed on July 12, 2010]**.

The Court denies Defendants' Motion for Expedited Ruling on Motion to Enforce Magistrate Judge's May 26, 2010 Order, Motion for Contempt, and Motion for Sanctions, Costs and Attorneys' Fees **[Docket No. 26, filed on July 21, 2010].**

Mr. Sinclair and Coupled Products must preserve any existing metadata.

No sanctions or costs to either party.

**IT IS SO ORDERED.**

    S/Denise Page Hood
    Denise Page Hood
    United States District Judge

Dated: September 23, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 23, 2010, by electronic and/or ordinary mail.

    S/William F. Lewis
    Case Manager